**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

LADAWN DOUGLAS,

    Plaintiff,

  v.                                                                   Case No. 17-11814

OCWEN LOAN SERVICING, LLC and
KONDAUR CAPITAL CORPORATION,

    Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STAY AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Plaintiff Ladawn Douglas believes her home is not encumbered by a mortgage executed by her then-husband, and brings this action to quiet title and asserting a variety of statutory and common law claims stemming from Defendant Kondaur Capital Corporation ("Kondaur")'s efforts to collect on the note and foreclose on the property. (Dkt. # 1-1.) Before the court are Plaintiff's motion to stay eviction proceedings initiated by Kondaur (Dkt. # 6) and Kondaur's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. # 3). The motion to dismiss is fully briefed, Plaintiff has declined to file a reply brief in support of her motion to stay the eviction proceedings, and the court finds a hearing unnecessary. *See* E.D. Mich. LR 7.1(f)(2). The court finds Plaintiff's motion for stay utterly devoid of merit, and will deny the stay accordingly. For the reasons that follow, the court will grant Defendant's motion to dismiss in part, deny it in part, and invite an early motion for summary judgment.

The parties agree as to all the following facts. (Dkt. # 8, Pg. ID 213.) Clifford Douglas Jr. executed a purchase money mortgage of $49,232.00 for the purchase of

9567 Lenore, Redford, Michigan 48239 ("the Property"), on July 9, 2009. (Dkt. # 8, Pg. ID 212.) The original mortgagee, MVB Mortgage Corporation, properly recorded its security interest, including the power of sale, on May 11, 2009. Plaintiff was married to Clifford at the time the mortgage was executed, and divorced him two years later, on August 2, 2011. Plaintiff was awarded the Property in the divorce and Clifford Douglas quitclaimed his interest in the Property to Plaintiff. Plaintiff recorded her interest on September 4, 2012. (Dkt. # 9-5.) On or about September 1, 2012, MVB assigned the mortgage and note to Kondaur, who recorded on September 17, 2012. (Dkt. # 3-4.) Plaintiff made payments on the note for a few years until, following default, Kondaur began foreclosure-by-advertisement proceedings and held a foreclosure sale on August 25, 2016. (Dkt. # 8, Pg. ID 214; Dkt. # 9-6.) Kondaur was the successful bidder at the sale, and the redemption period expired February 27, 2017. (*Id.*) Plaintiff filed her complaint in state court in March of 2017 and the action was properly removed to this court in June. (Dkt. # 1.)

Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for failure to state a claim upon which relief may be granted. Under the Rule, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). However, the court

2

"does not apply this presumption of truth to conclusory or legal assertions." *Binno v. American Bar Association*, 826 F.3d 338, 345-46 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678-79). To survive a motion to dismiss, a complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a "probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Additionally, on a motion to dismiss, the court is usually limited to the complaint and attached exhibits, but it may also consider "public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Erie County v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012) (quoting *Bassett v. Nat'l Coll. Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)). The mortgage, assignment contract, and various documents related to the foreclosure sale relied upon by the court above are all referenced in the complaint and central to Plaintiff's claims, and so may be properly considered on a motion to dismiss. *Id.*

Plaintiff contends that she was not a party to the mortgage and that the divorce decree awarded her the property. As a result, Plaintiff argues that Kondaur may not foreclose on the mortgage by advertisement under Mich. Comp. Laws § 600.3201, but is instead limited to the judicial foreclosure procedure codified at Mich. Comp. Laws § 600.3101. (Dkt. # 8, Pg. ID 217.) In support, Plaintiff relies entirely on out-of-context quotations from *Bank of America, N.A. v. First American Title Ins. Co.*, 499 Mich. 74 (2016), stating "[s]tatutory foreclosures are a matter of contract, authorized by the mortgagor[,]" *id.* at 97 (citation omitted), and "[a]s a result, the proceedings are limited to

3

resolving the rights and remedies of the parties to the contract-i.e., the mortgagee and the mortgagor." *Id.*

In *Bank of America*, the Michigan Supreme Court was considering whether a mortgagee who acquired the property at the foreclosure sale through credit-bidding the full value of its debt could pursue deficiency claims against non-borrower, non-lender third parties for fraud. *Id.* The court found that the full credit bid rule, which barred deficiency claims against *the borrower* when the mortgagee credit bid the full value of the loan, did not bar claims against non-borrower third parties, because the foreclosure sale fixed the value of the property as between the parties to the mortgage contract. *Id.* at 96-97. Placed in its proper context, Plaintiff's quotation does not stand for the proposition that statutory foreclosures are reserved only for when the original mortgagee forecloses on property owned by the original mortgagor—the "proceeding" referred to is the sale, and the "rights and remedies" being resolved refer to whether the lender may collect on an alleged deficiency from the borrower, not whether the lender may foreclose on the property if the borrower has quitclaimed it to someone else. *Id.* at Pg. ID 97.

Whether a mortgage is subject to a statutory foreclosure is a matter of contract—indeed, the relevant statute provides that "[e]very mortgage of real estate, which contains a power of sale, upon default being made in any condition of such mortgage, may be foreclosed by advertisement[.]" Mich. Comp. Laws § 600.3201. The contract creates the property interest. The underlying contract indisputably contained the power of sale. (Dkt. # 8-2, Pg. ID 236.) Thus, Clifford Douglas Jr. owned property encumbered by a mortgage that included the power of sale, and this is what he quitclaimed to

4

Plaintiff. It is axiomatic that one cannot give more than one has—Clifford Douglas Jr. cannot convey a deed free and clear of encumbrances when what he owns is a home encumbered by a mortgage that includes the power of sale. As a result, Plaintiff's property was subject to a mortgage with a power of sale that was in default, and so foreclosure by advertisement is appropriate under Michigan statute. Accordingly, the court finds that neither the foreclosure nor the eviction were improper, and Plaintiff's request for a stay of the eviction proceedings (Dkt. # 6) and her claims stemming from her belief that the foreclosure was wrongful must all be rejected.

The court is then left with Plaintiff's contentions surrounding the purported "surplus" proceeds from the sheriff's sale. Plaintiff alleges that Kondaur's credit bid of $51,984.59 was greater than the total indebtedness, and therefore was "in excess of a full credit bid" such that the difference amounts to surplus proceeds to which Plaintiff is entitled. (Dkt. # 1-1, Pg. ID 18-19.) Defendant's brief explains that the amount due and owing at the time of the notice of sale was $48,390.58, and this is the amount listed on the notice. (Dkt. # 3, Pg. ID 77; Dkt. # 3-5, Pg. ID 98.) The $3,594.01 difference, Defendant's brief states, reflects the additional interest accrued between the posting of the notice and the date of the sale, together with attorney fees and costs from the foreclosure and sale. (Dkt. # 3, Pg. ID 77.) Michigan statute excludes "costs and expenses of the foreclosure and sale" from the "surplus" sale proceeds recoverable by the property owner or other interested party. Mich. Comp. Laws § 600.3252. As a result, Defendant contends, there were no surplus proceeds and Defendant's bid was a full credit bid. (*Id.*) Plaintiff does not respond to Kondaur's explanation.

The court would find it wholly unsurprising if the additional interest on an approximately $50,000 loan and the costs and attorney fees associated with a foreclosure process and sale amounted to $3,594.01. However, Plaintiff's complaint includes a factual allegation that the sale amount was greater than the total indebtedness (Dkt. # 1-1, Pg. ID 18-19), and the court is compelled to take the factual allegations in the complaint as true on a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. Federal Rule of Civil Procedure 12(d) contemplates treating motions to dismiss as motions for summary judgment, but Kondaur offers no evidence to support its contention that these accumulated costs did, in fact, amount to $3,594.01. If Kondaur has such evidence, and decided to bring a motion for summary judgment prior to beginning discovery, the court would consider it.

IT IS ORDERED that Plaintiff's motion for stay (Dkt. # 6) is DENIED.

IT IS FURTHER ORDERED that Kondaur's motion to dismiss (Dkt. # 3) is GRANTED IN PART and DENIED IN PART. The motion is DENIED with respect to Count 4 (statutory claim for surplus proceeds) and Count 5 (unjust enrichment for surplus proceeds). The motion is GRANTED in all other respects.

                               s/Robert H. Cleland                         /
                               ROBERT H. CLELAND
                               UNITED STATES DISTRICT JUDGE

Dated: August 24, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 24, 2017, by electronic and/or ordinary mail.

                               s/Lisa Wagner                             /
                               Case Manager and Deputy Clerk
                               (810) 292-6522